# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **COREY LEVON BECKHAM,** | ) | CASE NO. 7:16CV00161 |
|    Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **WARDEN,** | ) | By: Norman K. Moon |
|    Respondent. | ) | Senior United States District Judge |

Corey Levon Beckham, a Virginia inmate proceeding *pro se*, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his confinement on a judgment by the Washington County Circuit Court. Respondent filed a motion to dismiss Beckham's § 2254 petition, and Beckham responded, making the matter ripe for disposition. After review of the record, I grant the motion to dismiss.

## I.     Factual & Procedural Background

In November 2009, DEA agents wiretapped calls from one Troy Burrows in Birmingham, Alabama. Trapped calls indicated the following: that a customer would travel down from the D.C., Maryland area to purchase cocaine. The customer would arrive in a rental vehicle on November 24th, change vehicles at his parents' house, and then meet Burrows to purchase cocaine at another location.

Federal agents organized ground and air surveillance on Burrows. An individual arrived in a white Chevrolet Lumina, met up with Burrows, and the two men went to a drug house. The men went into the drug house carrying a black bag and came out some time later. The individual who entered the house wore a yellow shirt and the DEA followed him to 4148 37th Avenue, North Birmingham. Agents determined that an Eric Beckham maintained utilities at that address.

While parked at the house, agents placed a GPS tracking device on a Lincoln MKX. Agents continued to surveil the individual and the MKX as it traveled through Tennessee and into Virginia. The DEA contacted the Virginia State Police and requested that they conduct a walled-off stop to protect the sealed wire tap and the Birmingham investigation.

Trooper Rex Carter spotted the MKX in a Marathon gas station in Glade Spring, Virginia, and initiated a traffic stop based on tinted windows and a failure to signal. Beckham had a rental agreement in his possession and told Carter that he had been to Birmingham to visit his mother. Carter advised Beckham that he had probable cause to search the car based on DEA information, including a vehicle tracking device.

The vehicle stopped by Carter was the same vehicle that the DEA observed in Birmingham, and the MKX had not stopped since it had entered Virginia. Officers found marijuana in an Altoids tin, a yellow shirt inside of a black bag, and two bricks of cocaine powder in a door panel, later weighed at 748 grams.

On October 1, 2010, Beckham pleaded guilty to possessing more than 500 grams of cocaine, possessing cocaine with the intent to distribute, second or subsequent offense, transporting into the Commonwealth more than one ounce of cocaine, and conspiracy to distribute cocaine. The Washington County Circuit Court convicted Beckham, and sentenced him to one hundred years in prison, with eight-five years suspended. Beckham did not pursue a direct appeal.

Beckham did, however, file a timely petition for a writ of habeas corpus to the circuit court, raising three claims arguing that counsel was ineffective for:

A. failing to investigate and neglecting to use satellite images to discredit Trooper Rex Carter;

B. telling Beckham that: (1) Judge Lowe had never overturned a case on appeal, (2) if Beckham pleaded guilty, Judge Lowe would sentence him according to the guidelines of seven to ten years imprisonment, and (3) Beckham could not appeal if he pleaded guilty; and,

C. failing to investigate or inquire as to how a GPS tracking device could have been secreted on Beckham's vehicle by government agents in Alabama without either a properly obtained warrant or the approval of a neutral magistrate.

On March 5, 2013, the circuit court denied and dismissed the petition, because Beckham's claims were not reviewable under *Anderson v. Warden*, 281 S.E.2d 885 (Va. 1981), and in the alternative, Beckham had not met his burden under *Strickland v. Washington*, 466 U.S. 668 (1984).[1]

On October 28, 2013, the Virginia Supreme Court refused Beckham's appeal of the trial court's habeas judgment.

On November 5, 2013, Beckham then filed a § 2254 petition in the Eastern District of Virginia; the Eastern District transferred the matter to the Western District. Judge James Turk dismissed Beckham's first federal habeas petition as untimely.

On May 18, 2015, Beckham filed an additional state habeas petition in the Supreme Court of Virginia, stating that he had learned, on May 15, 2014, that his defense counsel had been found not guilty by reason of insanity on drug and firearms charges in a 2013 trial. Beckham asserted that counsel's criminal trial revealed that during the time counsel represented Beckham, counsel abused alcohol as well as illicit and prescription drugs. Beckham reiterated

---

[1] *Anderson* generally binds a defendant to his statements during the colloquy regarding the validity of his guilty plea and the effectiveness of his attorney. A defendant's representations may not be impeached on collateral appeal absent sufficient justification, such as extraordinary misconduct, e.g., counsel informing a defendant that counsel is unready for trial, or counsel encouraging a defendant to lie to the court.

3

his original state habeas claims with mental illness and incompetency components, and added a blanket mental illness ineffective assistance claim. The Virginia Supreme Court dismissed the petition as untimely under Va. Code § 8.01-654(A)(2), and later refused a rehearing. On January 19, 2016, the United States Supreme Court refused certiorari.

Beckham filed the current federal petition for a writ of habeas corpus on April 4, 2016, asserting four ineffective assistance claims, stating that counsel was ineffective because:

A. Counsel, who suffered a mental illness at the relevant time, neglected to investigate or inquire as to how a GPS tracking device could have been secreted on Beckham's vehicle by government agents without either a properly obtained warrant or the approval of a neutral magistrate.

B. Counsel, who suffered a mental illness at the relevant time, failed to investigate and neglected to use satellite images to discredit Trooper Carter.

C. Counsel, who suffered a mental illness at the relevant time, told Beckham that: (1) Judge Lowe had never had a case overturned on appeal, (2) if he pled guilty, he would be sentenced according to the guidelines and receive not more than seven to eleven years, and (3) counsel also told Beckham that there was no chance of an appeal if he pled guilty.

D. Counsel, who suffered from a mental illness at the relevant time, assured Beckham that he would file a notice of appeal, but failed to do so.

## II. Standards of Review

### A. Successive Petition

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) strictly limited the consideration of second or successive habeas petitions. *See In re Williams*, 444 F.3d 233, 235 (4th Cir. 2006) (*abrogated on other grounds by In re Gray*, 850 F.3d 139 (4th Cir. 2017)).

4

Generally, courts must dismiss any second or successive claims with prejudice that were previously adjudicated on the merits. 28 U.S.C. § 2244(b); *see also Villanueva v. United States*, 346 F.3d 55, 60 (2d Cir. 2003). Untimeliness is considered an adjudication on the merits, unless the decision was erroneous: "the dismissal of a § 2255 petition as untimely under AEDPA presents a 'permanent and incurable' bar to federal review of the merits of the claim."[2] *Id.* at 61.

Additionally, a petitioner cannot bring "new" claims in a second or successive petition unless the applicant receives permission from the appropriate court of appeals by showing that (1) the claim relies on a new, previously unavailable, and retroactively applied rule of constitutional or federal law, or (2) if the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and the facts underlying the claim, if proven, would sufficiently establish by clear and convincing evidence that no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b).

Under § 2244(b), "[a] ground is successive if the basic thrust or gravamen of the legal claim is the same [as in a prior petition], regardless of whether the basic claim is supported by new and different legal arguments . . . [I]dentical grounds may often be proved by different factual allegations." *United States v. Allen*, 157 F.3d 661, 664 (9th Cir. 1998) (internal quotations and citations omitted); *see also Babbitt v. Woodford*, 177 F.3d 744, 746 (9th Cir. 1999) (holding that when the court rejects a petitioner's ineffective assistance of counsel claims in his first petition, new factual explanations for counsel's ineffectiveness in second petition,

---

[2] "[N]ot every numerically second petition is a 'second or successive' petition within the meaning of the AEDPA." *In re Williams*, 444 F.3d at 235. Petitions that are not considered successive include: (1) if a petition is first dismissed without prejudice on technical grounds, such as failure to exhaust state remedies, (2) if a claim was not ripe at the time of the first petition, such as when a new petition challenges an intervening judgment or when a petitioner seeks to file a *Ford v. Wainwright*, 477 U.S. 399 (1986) mental incompetency claim, and (3) when a prisoner uses a motion pursuant to 28 U.S.C. § 2255 or § 2254 to regain a right to appeal. *See, e.g.*, *In re Williams*, 444 F.3d at 235 (discussing technical grounds); *In re Gray*, 850 F.3d at 142 (discussing new petition for intervening judgment); *Panetti v. Quarterman*, 551 U.S. 930 (2007) (discussing *Ford* motions for incompetence); *In re Goddard*, 170 F.3d 435, 438 (4th Cir. 1999) (discussing petitioner seeking to regain a right to appeal under § 2255); *Evans v. Smith*, 220 F.3d 306 (4th Cir. 2000) (exhaustive review of all exceptions).

such as ongoing alcohol abuse, do not affect the court's initial *Strickland v. Washington* analysis; the court has already determined that trial counsel's performance was not constitutionally deficient); *In re Fowlkes*, 326 F.3d 542, 549 (4th Cir. 2003).

## B. Federal Habeas Statute of Limitation

Under § 2244(d)(1), a petitioner must file his federal habeas petition within one year from the latest of when: (1) his conviction became final by the conclusion of direct review or the expiration of the time for seeking such review, (2) any illegal state created impediment to filing was removed, (3) the United States Supreme Court recognized a new, retroactively applied constitutional right, or (4) the factual predicate of the claim could have been discovered through due diligence. 28 U.S.C. § 2244(d)(1).

A petitioner can "toll" the federal habeas statute of limitation in two ways: statutory tolling and equitable tolling. Statutory tolling occurs when a petitioner files a state habeas petition within the federal statute of limitation period. The federal habeas statute of limitation is then tolled for the duration of the state habeas proceeding. 28 U.S.C. § 2244(d)(2). Equitable tolling occurs only if a petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544, U.S. 408, 418 (2005)).

## C. Procedural Default

"[A] federal court may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court." *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000) (citing 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)). To meet the exhaustion

requirement, a petitioner "must have presented to the state court both the operative facts and the controlling legal principles." *Kasi v. Angelone*, 300 F.3d 487, 501-02 (4th Cir. 2002) (internal quotation marks and citation omitted). "A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." *Baker*, 220 F.3d at 288 (citing *Gray v. Netherland*, 518 U.S. 152, 161 (1996)).

"A habeas petitioner is barred from seeking federal review of a claim that was presented to a state court and 'clearly and expressly' denied on the independent, adequate state ground of procedural default." *Bennet v. Angelone*, 92 F.3d 1336, 1343 (4th Cir. 1996) (citing *Harris v. Reed*, 489 U.S. 255, 263 (1989). A procedural rule is adequate "if it is regularly or consistently applied by the state court," and independent "if it does not 'depend[] on a federal constitutional ruling.'" *Yeatts v. Angelone*, 166 F.3d 255, 260 (4th Cir. 1999) (quoting *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985)).

Va. Code § 8.01-654(A)(2) establishes the statute of limitation for Virginia state habeas petitions. A petition for a writ of habeas corpus challenging a criminal conviction must be brought within (1) two years from the date of final judgment in the trial court, or (2) within one year from either final disposition in the state court or the time for filing such an appeal has expired. *Id.* Federal courts recognize Va. Code § 8.01-654(A)(2) as an independent and adequate state ground for denying relief. *See Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 584, 587-88 (E.D. Va. 2006).

### D. Merits Standard

To obtain federal habeas relief, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

7

Under 28 U.S.C. § 2254(d), however, the federal habeas court may not grant a writ of habeas corpus based on any claim that a state court decided on the merits unless that adjudication:

(1) Resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) Resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 403-13 (2000). "Where, as here, the state court's application of governing federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable." *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). Under this standard, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fair-minded jurists could agree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (omitting internal quotations).

To state a constitutional claim for ineffective assistance of counsel, a petitioner must satisfy the two-pronged *Strickland v. Washington* test by showing (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." 466 U.S. 668, 686-687 (1984). A petitioner must overcome "a strong presumption" that counsel's tactical decisions during the representation were reasonably competent, and the court may adjudge counsel's performance deficient only when a petitioner demonstrates that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 689-90.[3] Additionally, when reviewing a *Strickland* claim under the AEDPA, the court's review is "doubly" deferential. *See Harrington*, 562 U.S. at 105.

### III.  Analysis

---

[3] "The Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." *Yarborough*, 540 U.S. 1 at 8.

8

## A. Successive Petition

As a threshold issue, Beckham does not argue that a new, retroactive federal law applies to his claims, and he does not satisfy any of the successive petition exceptions: his first federal petition was adjudicated on the merits, his claims were ripe at the time of filing his first federal habeas petition, and he is not seeking to regain a right to appeal.

In 2013, Judge Turk dismissed Beckham's initial petition for untimeliness. Judge Turk's dismissal was not erroneous; therefore, the petition is successive under § 2244(b).[4] Alternatively, Beckham presented the first three claims in his prior petition but he now contends that counsel's mental illness creates new evidence of ineffective assistance. However, in Beckham's initial state habeas petition, the Washington County Circuit Court previously determined that counsel's performance was not constitutionally deficient for the underlying legal grounds of claims A through C. The state court held that counsel was not ineffective regarding the GPS attachment, satellite images, statements about the trial judge, or the guilty plea. The gravamens of his current legal claims are the same as his initial petition, and the state courts dismissed Beckham's first state habeas petition under *Anderson* and as without merit. Therefore, Beckham's first three claims are barred from federal habeas review as a second or successive petition.[5]

## B. Statute of Limitations

---

[4] The circuit court convicted Beckham on September 23, 2010; his conviction became final thirty days later when Beckham failed to appeal by October 23, 2010. Beckham's one-year period to file his § 2254 petition thus began to run on October 23, 2010, and expired on October 23, 2011. Beckham failed to file a state habeas or federal habeas petition until after the October 23, 2011 expiration date. Therefore, his 2013 federal habeas petition was untimely and not subject to tolling.

[5] Beckham has not presented claim D in a prior petition, and he has failed to establish that the United States Court of Appeals for the Fourth Circuit granted him leave to file a successive habeas petition. 28 U.S.C. § 2244(b)(3). Normally, "[w]ithout [] authorization from the U.S. Court of Appeals for the Fourth Circuit . . . [the district court] must dismiss the petition . . . without prejudice to [petitioner's] subsequent attempt to receive authorization." *Williams v. Clarke*, 2014 WL 1220526, at *3 (E.D. Va. Mar. 24, 2014). However, Beckham's fourth claim is time-barred, procedurally defaulted on other grounds, and ultimately without merit. Therefore, I will not dismiss claim D without prejudice, as discussed in Subparts B, C, and D.

Beckham's petition is also time-barred. Beckham's conviction became final in 2010 when he failed to appeal his conviction within 30 days, and Beckham's period for filing a timely federal petition for habeas corpus expired in 2011. Since Beckham did not file a state habeas petition until 2012, his state habeas petition did not toll the running of the federal habeas statutory period under § 2244(d)(2).[6]

Additionally, Beckham is not entitled to equitable tolling. Beckham has not demonstrated that he pursued his rights diligently or that any extraordinary circumstances prevented his filing within the limitation period. In fact, he has not provided the court with any excuse or information as to why he was unable to timely file his federal habeas petitions. He may claim confusion or lack of awareness of the filing period, but a petitioner's "ignorance of the law is not a basis for equitable tolling." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Regardless, by 2014 Beckham had extensive experience dealing with the federal habeas statute of limitation considering that Judge Turk had dismissed his initial petition as untimely. Beckham has no excuse for making the same procedural mistake twice in the same court.

Beckham also argues that his petition is timely because his discovery of counsel's 2013 plea of not-guilty-by-reason-of insanity should be considered "new evidence" under § 2244(d)(1)(D). However, the one-year limitation period runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). In both his 2015 state habeas petition and his current petition, Beckham admitted that he discovered counsel's insanity plea on May 15, 2014. Beckham did not file his state habeas petition until May 18, 2015. Once again, Beckham allowed § 2244(b)'s one-year limitation period to expire on May 15, 2015 before filing either a

---

[6] Beckham appears to argue that his 2012 and 2015 state habeas petitions tolled the statute of limitations for his federal habeas petitions. He is incorrect. In order for a petition to be eligible for tolling, a petitioner must file his state habeas petition within the one-year federal habeas statute of limitation.

state habeas petition or a federal habeas petition. Beckham does not offer an explanation for his failure to timely file, and thus he fails to show that he is entitled to equitable tolling.[7]

## C. Procedural Default

Regardless of whether Beckham's petition is successive and/or time-barred, I conclude that all claims are procedurally defaulted under Va. Code. § 8.01-654(A)(2). Beckham's current claims are exhausted for the purposes of federal review because they were presented to the Virginia Supreme Court in his 2015 state habeas petition. The Virginia Supreme Court denied Beckham's petition as untimely under Va. Code § 8.01-654(A)(2), and the Fourth Circuit has recognized § 8.01-654(A)(2) as an independent and adequate state ground for denying relief. Further, Beckham has not demonstrated cause or prejudice that excuses his default, and he has not asserted a miscarriage of justice under *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013).

## D. Merits

The Washington County Circuit Court determined that counsel's performance was not constitutionally deficient,[8] and based on the record, the state court's decision was not contrary to, or an unreasonable application of, *Strickland*, or an unreasonable determination of the facts. Moreover, Beckham fails to show how his "new evidence" of counsel's mental illness, alcohol abuse, and drug abuse affected Beckham's representation. He has not offered any specific examples of deficient performance deriving from counsel's mental state at the time, and he

---

[7] In his Response to the Motion to Dismiss, Beckham claims that he did not discover the insanity plea until May 2015. However, he offers no proof that he first learned of the plea in 2015; meanwhile, he informed multiple courts that his discovery date was May 15, 2014.

[8] "[T]he record [] confirms that trial counsel rendered effective representation and that there is nothing remotely approaching an objectively reasonable probability that [Beckham] would have gone to trial on the merits, but for his attorney's claimed errors." *Beckham v. Warden*, No. CL12-1339, at 8 (Va. Cir. Ct. Mar. 11, 2013) (ECF No. 10, Attach. 10).

proffers no additional evidence that counsel's alleged mental illness during his representation of Beckham affected the outcome of his case.[9]

### IV. Conclusion

For the reasons stated, I **GRANT** the motion to dismiss. Beckham's petition is successive, he fails to demonstrate that he is entitled to the tolling of the statute of limitation, and he fails to show cause and prejudice or a fundamental miscarriage of justice to excuse his procedural default. Regardless, his claims have no merit. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to Beckham and to counsel of record for Respondent. Further, concluding that petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a certificate of appealability is **DENIED**.

**ENTER:** This  4th  day of May, 2017.

*Norman K. Moon*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[9] In Beckham's Response to the Motion to Dismiss, he cites "Supreme Court" cases such as *United States v. Maynard*, 615 F.3d 544 (D.C. Cir. 2010), *United States v. Jones*, 565 U.S. 400 (2012), and *United States v. Chadwick*, 433 U.S. 1 (1977) (*abrogated by California v. Acevedo*, 500 U.S. 565 (1991)). *Maynard* is not a Supreme Court or a binding Fourth Circuit case. *Chadwick* discussed the constitutionality of searching a footlocker, had nothing to do with modern technology, and was abrogated by *Acevedo*. The Supreme Court of the United States did not definitively decide whether use of GPS technology by law enforcement was a Fourth Amendment "search" until *Jones*. Beckham pleaded guilty in 2010, and *Jones* was not decided until 2012; regardless, *Jones* was not made retroactive.